UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GLENN KOENEMANN,

        Petitioner,

v.                                CASE NO. 5:06-cv-10852
                                HONORABLE JOHN CORBETT O'MEARA

HELEN MARBERRY,

        Respondent.

_____/

## OPINION AND ORDER DENYING HABEAS CORPUS PETITION

### I.  Introduction

This matter is pending before the Court on petitioner Glenn Koenemann's habeas corpus petition under 28 U.S.C. § 2241.  On August 23, 2004, Petitioner pleaded guilty in the Southern District of Florida to one count of attempting to obtain a person for a commercial sex act, knowing such person was a minor, 18 U.S.C. § 1594(a), and one count of attempting to travel in foreign commerce to engage in illicit sexual contact with a minor, 18 U.S.C. § 2423(e).  The trial court sentenced Petitioner to two concurrent terms of thirty months in prison, followed by supervised release for three years.

While imprisoned, Petitioner participated in the Residential Drug Abuse Program, which offers inmates convicted of nonviolent offenses the possibility of having their sentences reduced by as much as one year.  Petitioner successfully completed the program, but federal officials refused to reduce his sentence.  Petitioner exhausted administrative remedies for his claims and then filed his habeas corpus petition through counsel on February 27, 2006.

### II.  Discussion

## A. The Bureau's Scope of Authority

Petitioner alleges that the Bureau of Prisons exceeded its authority when it refused to reduce his sentence for successful completion of the Residential Drug Abuse Program. Petitioner contends that the Bureau's regulation, 28 C.F. R. § 550.58, conflicts with the enabling statute, 18 U.S.C. § 3621, and is invalid.

### 1.  The Statute, Regulation, and Program Statement

Pursuant to 18 U.S.C. § 3621(b), the Bureau of Prisons must provide substance abuse treatment for prisoners that have a treatable substance abuse problem or addiction.  As an incentive for successful participation in the program, the statute provides that

> [t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B).

Section 3621 does not define "nonviolent offense."  The Bureau of Prisons has attempted to fill this gap by promulgating 28 C.F.R. § 550.58, which reads in relevant part:

> An inmate who was sentenced to a term of imprisonment . . . for a non-violent offense, and who is determined to have a substance abuse problem, and successfully completes a residential drug abuse treatment program during his or her current commitment may be eligible, in accordance with paragraph (a) of this section, for early release by a period not to exceed 12 months.
>
>   (a) Additional early release criteria.
>
>   (1)  As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:
>
>     . . . .
>
>     (vi) Inmates whose current offense is a felony
>
>       . . . .

>  (D) That by its nature or conduct
>  involves sexual abuse offenses
>  committed upon children.

28 C.F.R. § 550.58(a)(1)(vi)(D).

In a program statement interpreting this regulation, the Bureau of Prisons has categorized the transportation of minors for illegal sexual activity as a crime of violence in all cases. Therefore, inmates who committed an offense under 18 U.S.C. § 2423 are excluded from early release under 18 U.S.C. § 3621(e)(2)(B). *See* Program Statement 5162.04 (Oct. 9, 1997), at 6.a.(1), Govt . Ex. 9.

### 2. The Bureau's Interpretation

Petitioner alleges that 28 C.F.R. § 550.58 is invalid because it conflicts with the plain language of 18 U.S.C. § 3621(e)(2)(B) and, therefore, is not entitled to deference. The Supreme Court stated long ago that,

>  [i]f Congress has explicitly left a gap for the agency to fill, there is an express
>  delegation of authority to the agency to elucidate a specific provision of the
>  statute by regulation. Such legislative regulations are given controlling weight
>  unless they are arbitrary, capricious, or manifestly contrary to the statute.

*Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843-44 (1984). Courts "must reject administrative constructions which are contrary to clear congressional intent." *Id*. at 843 n.9.

Section 3621(e)(2)(B) states that the Bureau of Prisons *may* reduce a prisoner's sentence up to one year if he or she has not been convicted of a violent crime. Courts have interpreted this permissive language to mean that the Bureau has "broad discretion to grant or deny the one-year reduction" in sentence. *Jacks v. Crabtree*, 114 F.3d 983, 984 (9th Cir. 1997). The Bureau

3

of Prisons has the authority, but not the duty, to reduce a prisoner's term of imprisonment for successful completion of drug treatment.  *Lopez v. Davis*, 531 U.S. 230, 241 (2001).

The question in *Lopez v. Davis* was the validity of the regulation in question here, 28 C.F.R. § 550.58.[1]  The Supreme Court held "that the regulation is a permissible exercise of the Bureau's discretion under 18 U.S.C. § 3621(e)(2)(B)."  *Lopez*, 531 U.S. at 233.  The Supreme Court determined that the Bureau of Prisons may categorically exclude prisoners based on their pre-conviction conduct and that the regulation excluding Lopez was permissible.  *Id*. at 243-44.

This Court concludes from *Lopez* that 28 C.F.R. § 550.58 is a valid regulation and that the Bureau of Prisons did not exceed its authority when it promulgated the regulation.  The regulation is not arbitrary, capricious, or contrary to Congressional intent and, therefore, it is entitled to deference.

### 3.  Crime of Violence

Petitioner, nevertheless, maintains that there is no factual basis for concluding that his offense was a crime of violence.  He claims that there was no use of physical force, fraud, or coercion.

Petitioner was convicted of attempting to travel in foreign commerce to engage in illicit sexual conduct with a minor.  "[A]ctual sex with or sexual abuse of a minor is a violent act."  *United States v. Munro*, 394 F.3d 865, 870 (10th Cir. 2005).  Although Petitioner's case involves an attempt, as opposed to actual sexual contact or sexual abuse of a minor, some "courts have

---

[1]  *Lopez* was convicted of a drug offense.  The District Court enhanced his sentence after determining that Lopez possessed a firearm in connection with the drug offense.  The Bureau of Prisons found Lopez ineligible for early release under 18 U.S.C. § 3621(e)(2)(B) on the ground that his current offense was a felony that involved the carrying, possession, or use of a firearm. *See* 28 C.F.R. § 550.58(a)(1)(vi)(B).

found that attempted sexual abuse of a minor is a crime of violence." *Id.*

For example, the Fourth Circuit has determined that the state offense of taking indecent liberties with a child is a crime of violence for purposes of determining whether a defendant is a career offender under the federal sentencing guidelines. *See United States v. Pierce*, 278 F.3d 282, 290 (4th Cir. 2002). The Court of Appeals determined that a sexual touching or actual physical injury was not dispositive of the question. Instead, the Court of Appeals looked to the risk that the statute prohibiting indecent liberties with children was aimed. The Court of Appeals took a categorical approach and concluded that the offense was a crime of violence because violation of the statute amounted to a forcible sex offense and it presented a serious and potential risk of physical injury to another person.

The Ninth Circuit has held that attempted interstate travel with the intent to engage in sex with children (18 U.S.C. § 2423(b)) is a violent crime. *See United States v. Butler*, 92 F.3d 960, 963-64 (9th Cir. 1996 ). *Butler* is of particular significance here because Butler was convicted of travel with intent to engage in a sexual act with a juvenile in violation of 18 U.S.C. § 2423(b). Petitioner was convicted of attempting or conspiring to violate subsection (a), (b), (c), or (d) of § 2423(b). The statute treats attempts to violate subsections (a) through (d) in the same manner as a completed violation of those subsections. *See* 18 U.S.C. § 2423(e).

In *Munro*, the Tenth Circuit held that a person convicted of attempt to entice a minor to engage in illicit sexual activity in violation of 18 U.S.C. § 2242(b) has committed a crime of violence. Jonathan Munro allegedly used the Internet to persuade a minor to engage in sexual acts. Then he attempted to meet the minor for the purpose of engaging in sex. The Court of Appeals stated that "the risk involved in attempted sexual abuse of a minor is significant enough

5

to render it a crime of violence . . . ."  *Munro*, 394 F.3d at 871.

The Court concludes from these circuit court opinions that Petitioner's offense is a crime of violence.  The mere attempt to engage in illicit sexual activity with a minor was sufficient to deem the offense a crime of violence.  Therefore, the Bureau's decision not to reduce Petitioner's sentence for successful completion of the Residential Drug Abuse Program was not contrary to the statute.

## B.  Notice and Comment

Petitioner's second and final claim is that the Bureau of Prisons violated the "notice and comment" provisions of the Administrative Procedures Act (APA) when it issued Program Statement 5162.04.

## 1.  Interpretative v. Substantive Rules

Section 553(b) of Title 5, United States Code, requires administrative rules to be published in the Federal Register.  Substantive rules must be published at least thirty days before their effective date.  5 U.S.C. § 553(d).  This requirement of notice does not apply "to interpretative rules, general statements of policy, or rules of agency organization, procedure, or practice . . . ."  5 U.S.C. § 553(b)(3)(A).

In *Dismas Charities, Inc. v. United States Dep't of Justice, Fed. Bureau of Prisons*, 401 F.3d 666 (6th Cir. 2005), the Sixth Circuit distinguished substantive rules from interpretative rules.  The Sixth Circuit stated that, "'[f]or purposes of the APA, substantive rules are rules that create law,' while in contrast '[i]nterpretive rules merely clarify or explain existing law or regulations and go to what the administrative officer thinks the statute or regulation means.'"  *Id*. at 679 (quoting *First National Bank v. Sanders*, 946 F.2d 1185, 1188-89 (6th Cir. 1991) (quoting

*S. California Edison Co. v. Fed. Energy Regulatory Comm'n*, 770 F.2d 779, 783 (9th Cir.

1985)).  The Sixth Circuit went on to say that

> [t]he distinction reflects the primary purpose of Congress in imposing notice and comment requirements for rulemaking--to get public input so as to get the wisest rules.  That purpose is not served when the agency's inquiry or determination is not "what is the wisest rule," but "what is the rule."  The interpretative rule exception reflects the idea that public input will not help an agency make the legal determination of what the law already is.

*Id*. at 680.  A rule does not lose its interpretative nature because of its substantial impact or

because it takes a new position and departs from a prior interpretation.  *Id*. at 681-82.

The "rules" in question in *Dismas Charities* were two legal memoranda written by the

Department of Justice's Office of Legal Counsel.  The Sixth Circuit determined that the

memoranda were interpretative rules and that "[t]he rulemaking requirements of § 553 of the

APA do not apply to 'interpretative rules.'"  *Id*. at 679.  The Court held that a rule embodying "a

pure legal determination of what the applicable law already is does not require notice and

comment under APA § 553(b)."  *Id*. at 682.

### 2.  Program Statement 5162.04

The purpose of Program Statement 5162.04 is to assist in the implementation of certain

policies and programs of the BOP.  *See* Program Statement 5162.04, at 1.  The objective of the

program statement is to deny certain benefits if the inmate's underlying offense is a crime of

violence or an offense identified by the Director of the Bureau of Prisons as one that precludes

receipt of program benefits.  *Id*. at 2.

In *Reno v. Koray*, 515 U.S. 50, 61 (1995), the Supreme Court described one of the

Bureau's program statements as "an internal agency guideline, which is akin to an 'interpretive

rule' that 'do[es] not require notice and comment'" under the APA.  And in *Gunderson v. Hood*,

268 F.3d 1149, 1154-55 (9th Cir. 2001), the Ninth Circuit held that Program Statement 5162.04 is a valid interpretive rule, which merely clarified or explained 28 C.F.R. §550.58 (a)(1)(vi) and, thus, was not subject to the rigors of the APA.  This Court likewise concludes that Program Statement 5162.04 is an interpretive rule, not a substantive rule.  The program statement interprets 18 U.S.C. § 3621(e)(2)(B) and 28 C.F.R. § 550.58 as opposed to making law. Therefore, the Bureau of Prisons was not required to promulgate the program statement under the APA.

The Bureau's regulation, on the other hand, is a substantive rule, because it effected a change in existing law or policy by listing categories of inmates who would not be eligible for early release.  *Gunderson*, 268 F.3d at 1154.  The regulation was promulgated in compliance with the APA before Petitioner entered the Residential Drug Abuse Program in December of 2004.  *See* 65 Fed. Reg. 80745-49 (Dec. 22, 2000).  Consequently, Program Statement 5162.04 interprets a valid regulation, and the Bureau of Prisons did not err when it relied on the program statement and final regulation to deny early release to Petitioner.

### III.  Conclusion

The Bureau of Prisons was not precluded from denying Petitioner early release.  The Bureau's regulation does not conflict with 18 U.S.C. § 3621(e)(2)(B), and its program statement was an interpretive rule that was not required to be promulgated under the APA.  In addition, circuit court decisions support the Bureau's conclusion that Petitioner committed a crime of violence.  The application for a writ of habeas corpus [Doc. #1, February 27, 2005] is **DENIED**.

s/John Corbett O'Meara
John Corbett O'Meara
United States District Judge


Dated:  June 1, 2006

Copies:

**Benson Weintraub**
Benson Weintraub Assoc.
1 E. Broward Boulevard
Suite 700
Fort Lauderdale, FL 33301-1876


patricia.gaedeke@usdoj.gov

Glenn Koenemann
Reg. No. 70441-004
FCI Milan
P.O. Box 1000
Milan, MI 48160