UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLENN KOENEMANN,

        Petitioner,

v.                                      CASE NO. 5:06-cv-10852
                                      HONORABLE JOHN CORBETT O'MEARA

HELEN MARBERRY,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S POST-JUDGMENT MOTIONS

      Petitioner Glenn Koenemann initiated this action on February 27, 2006, by filing an application for the writ of habeas corpus under 28 U.S.C. § 2241. He sought expedited review of his habeas petition due to his statutory release date of February 4, 2007. Respondent filed an answer to the habeas petition on May 8, 2006, and on June 1, 2006, the Court denied the habeas petition.

      This matter currently is pending before the Court on several motions, including Petitioner's motion for summary judgment (filed through counsel), his motion to terminate the case (filed *pro se*), and his motion for relief from judgment (filed through counsel). Petitioner's attorney also has filed a renewed motion for admission to practice law in this District and to waive local counsel.

### Discussion

      The renewed motion for admission to practice law and to waive local counsel is moot, because the Court granted counsel's previous motion for admission to practice law in this District. *See* Doc. #9, May 23, 2006. Petitioner's motion for summary judgment is moot

because the Court entered judgment in Respondent's favor on June 1, 2006.  The Court was unaware of Petitioner's motion for summary judgment before it signed and time-stamped its opinion and judgment.[1]  However, the arguments made in the motion do not alter the Court's conclusion that the Bureau of Prisons was entitled to deny early release on the ground that Petitioner committed a crime of violence.

Petitioner's motion to terminate this case likewise is moot.  The case was terminated on June 1, 2006, when the Court entered its dispositive opinion and judgment.  As for Petitioner's additional requests to remove his attorney from this case and to compel production of taped telephone conversations between Petitioner and his attorney, the requests are DENIED.  The Court declines to become involved in the dispute between Petitioner and his attorney.

The final motion pending before the Court is Petitioner's motion for relief from judgment.  The motion alleges that the Court did not address, nor consider, Petitioner's motion for summary judgment, which was filed on the same day that the Court denied the habeas petition.  Petitioner asserts that he was deprived of an opportunity to respond to the Government's answer to his habeas petition.  He alleges that the delay in filing his motion for summary judgment was due in part to the strained relationship between him and his attorney.

The Court determined in its dispositive opinion and order that the Bureau of Prisons was entitled to deny early release to Petitioner on the ground that Petitioner committed a crime of violence.  Petitioner's motion for summary judgment does not alter the Court's conclusion on the merits of Petitioner's habeas claim.  Therefore, the Court declines to grant Petitioner's motion

---

[1] Petitioner filed his motion on the same day that the Court entered its dispositive opinion and judgment.

2

for relief from judgment.

## Conclusion

Petitioner's motions are moot or lack merit. Consequently, the Court DENIES Petitioner's renewed motion for admission to practice law in this District Doc. [#14, June 1, 2006], Petitioner's motion for summary judgment [Doc. #15, June 1, 2006], Petitioner's motion to terminate the case [Doc. #17, June 5, 2006], and Petitioner's motion for relief from judgment [Doc. #19, June 7, 2006].

S/JOHN CORBETT O'MEARA
UNITED STATES DISTRICT JUDGE

Dated: August 11, 2006

Certificate of Service

I hereby certify that a copy of this order was served upon attorneys and/or parties of record electronically and/or by U.S. Mail on August 13, 2006.

s/William Barkholz
Case Manager